WILLIAM R. METTLER
6991 E. Camelback Road, Suite D-300
Scottsdale, Arizona 85251
(480) 580-5025
wrmettler@wrmettlerlaw.com

William R. Mettler SBN 003438
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

LINDSEY WAX, a single woman,

    Plaintiff,

vs.

PCI & ASSOCIATES, a New York
Corporation, BLACK CORPORATIONS I-V
dba White Collection Company, JOHN DOEs I
through V.

    Defendants.

**COMPLAINT**

_____

    Plaintiff, LINDSEY WAX, a single women, by and through her attorney undersigned for her Complaint against the above named Defendants alleges and states as follows.

## PRELIMINARY STATEMENT:

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et. seq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction included supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant time residing in Maricopa County, Arizona.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692a(3) as she is a natural person allegedly obligated to pay a debt.

6. At all times relevant hereto, Defendant PCI & Associates, a New York Corporation acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(5), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. BLACK CORPORATION acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(5), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

8. Because Defendant BLACK CORPORATION actively hides its true and genuine name through artifices of using "spoofed" telephone numbers, hidden toll free numbers and fictitious names, Plaintiff at this time does not know the true and genuine name of the Defendant BLACK CORPORATION.

    a.  However, Plaintiff will, upon the completion of the appropriate discovery, move the Court to amend this Complaint to allege the true and genuine name of Defendant BLACK CORPORATION.

9. At all times relevant hereto, Defendant JOHN DOE acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(5), as JOHN DOE actively managed and controlled BLACK CORPORATION which held itself out to be a company collection a consumer debt allegedly owed by Plaintiff.

10. Because Defendant JOHN DOE actively hides its true and genuine name through artifices of using "spoofed" telephone numbers, hidden toll free numbers and fictitious names, Plaintiff at this time does not know the true and genuine name of the Defendant JOHN DOE.

    a. However, Plaintiff will, upon the completion of the appropriate discovery, move the Court to amend this Complaint to allege the true and genuine name of Defendant JOHN DOE.

## FACTS COMMON TO ALL COUNTS

11. On or about May 22, 2015, an employee agent and/or representative of Defendants PCI & Associates, BLACK CORPORATION or JOHN DOE placed a telephone call to Plaintiff and advised Plaintiff that she owed money to the Defendants and attempted to collect on this alleged debt.

12. In fact, Plaintiff owed no money to Defendants, or either of them, as the debt was fictitious.

13. Plaintiff spoke to a person named Mark Baxter, who advised her of the alleged debt and the fact that she owed the debt.  Mark Baxter threatened Plaintiff with legal proceeding, both criminal and civil if the alleged debt was not paid.

14. In fact, over the following several days, Defendants caused six (6) telephone calls to be placed to Plaintiff communicating the same message even after the fact that Plaintiff advised the Defendant's agent that she owed no debt to Defendants.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

Complaint – Page 3

16. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation and emotional distress and mental anguish.

**COUNT I**

17. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count I.

18. Defendants, and each of them, violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of a illusionary debt.

19. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

    a.  Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692k, and

    b.  Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692k, and

    c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

    d.  For other legal and equitable relief the Court deems appropriate.

**COUNT II**

20. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count II.

21. Defendants, and each of them, violated 15 U.S.C. §1692e by engaging in deceptive and /or misleading representations or means in connection with the collection of the alleged debt.

22. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

    a.   Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692a (1), and

    b.   Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692a (2)(a), and

    c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

    d.   For other legal and equitable relief the Court deems appropriate.

### COUNT III

23. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count III.

24. Defendants, and each of them, violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

25. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

    a.   Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692a (1), and

    b.   Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692a (2)(A), and

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

d. For other legal and equitable relief the Court deems appropriate.

### COUNT IV

26. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count IV.

27. Defendants, and each of them, violated 15 U.S.C. §1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about the Plaintiff.

28. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

a. Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692a (1), and

b. Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692a (2)(A), and

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

d. For other legal and equitable relief the Court deems appropriate.

### COUNT V

29. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count V.

30. Defendants, and each of them, violated 15 U.S.C. §1692e(14) by using a business, company or organization name other that its true name.

Complaint – Page 6

31. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

    a. Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692a (1), and

    b. Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692a (2)(A), and

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

    d. For other legal and equitable relief the Court deems appropriate.

### COUNT VI

32. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count VI.

33. Defendants, and each of them, violated 15 U.S.C. §1692f by using an unfair or unconscionable means to attempt to collect an alleged debt.

34. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

    a. Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692a (1), and

    b. Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692a (2)(A), and

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

d. For other legal and equitable relief the Court deems appropriate.

### COUNT VII

35. Plaintiff incorporates all of the allegations and statement made herein above as if set forth herein after in this Count VII.

36. Defendants, and each of them, violated 15 U.S.C. §1692f(1) by attempting to collect an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

37. As a result of Defendants' conduct, Plaintiff has been required to secure the services of an attorney and incur attorney's fees and court costs.

WHEREFORE, Plaintiff prays for judgment in her favor and the following:

a. Judgment against Defendants, and each of them, for plaintiff's actual damages suffered as a direct and proximate result of defendants' violations of the FDCPA pursuant to 15 U.S.C. §1692a (1), and

b. Judgment against Defendants, and each of them, for $1,000 as statutory damages for Defendants' violation of the FDCPA, pursuant to 15 U.S.C. §1692a (2)(A), and

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in the action pursuant to 15 U.S.C. §1692k, and

d. For other legal and equitable relief the Court deems appropriate.

//////

/////

/////

/////

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs which are to be awarded by the Court should Plaintiff prevail on any of her FDCPA claim.

RESPECTFULLY SUMITTTED this 19th day of May, 2016.

_____

William R. Mettler
6991 E. Camelback Road, Suite D-300
Scottsdale, Arizona 85251
(480) 580-5025
wrmettler@wrmettlerlaw.com
*Attorney for Plaintiff*

Complaint – Page 9